**William J. MEAD, Plaintiff,**

v.

**BROTHERHOOD OF RAILWAY, AIR-LINE AND STEAMSHIP CLERKS, FREIGHT HANDLERS, EXPRESS AND STATION EMPLOYEES (BRAC), et al., Defendants.**

Civ. No. 74-307.

United States District Court,
W. D. New York.

July 25, 1974.

Collins & Collins, Buffalo, N. Y. (John T. Collins, Buffalo, N. Y., of counsel), for plaintiff.

Reilly, Fleming & Reilly, New York City (David J. Fleming, New York City, of counsel), and McMahon & Crotty, Buffalo, N. Y. (Thomas P. McMahon, Buffalo, N. Y., of counsel), for BRAC, Devlin, Dennis & Stephenson.

CURTIN, Chief Judge.

This action, based on 29 U.S.C. § 501(a), involves the complaint of a General Chairman of the Brotherhood of Railway, Airline and Steamship Clerks [B.R.A.C.] to enjoin the International Union from transferring funds from the 120 local lodge treasuries with the B.R.A.C. to the newly formed Express Division, B.R.A.C. in New York City. Plaintiff's request for a temporary restraining order was denied and oral argument was heard on July 12, 1974. Pending for decision before the court at this time is defendants' motion to dismiss for failure to state a claim or, in the alternative, for summary judgment.

The factual background developed at the hearing follows. The International formed a committee to look into reorganization due to the dwindling membership in defendant Union. This plan would finally be submitted to the general convention to be held in 1975. On July 1, 1974 the functions of a number of local unions were transferred to the International to be taken care of in the future by regional instead of local organizations. Defendants claim that the above transfers were approved by the resolutions previously voted on. However, the plaintiff argues that the resolutions give only the authority to submit a plan to the general convention in 1975. Plaintiff claims that the transfers are a violation of 29 U.S.C. § 501 because the funds of the locals will be dispersed, mismanaged and embezzled. However, there is no proof in the record of any present fiscal mismanagement.

The court believes that the facts alleged by plaintiff do not rise to a legally cognizable claim under 29 U.S.C. § 501 and its judicial interpretation in this Circuit. *See* Coleman v. Brotherhood of Railway & Steamship Clerks, etc., 340 F.2d 206 (2d Cir. 1965); Gurton v. Arons, 339 F.2d 371 (2d Cir. 1964). The Second Circuit has taken what has been referred to as "a restrictive view" of Section 501, *see* Pignotti v. Local # 3 Sheet Metal Workers' Int. Ass'n., 477 F. 2d 825 (8th Cir. 1973), that Section 501

"relates solely to questions of financial dealings . . . to matters of money and property." Guarnaccia v. Kenin, 234 F.Supp. 429, 442 (S.D.N.Y.1964). This court declines to depart from the above interpretation of Section 501. Under the facts produced, there are no supported claims of present financial mismanagement. Even if the national office acted beyond its authority in effecting the transfers, this is something which the general convention could always rectify in 1975. "[T]he present union procedures . . . do not appear to be unreasonable and 'intermeddling by the courts' would seem inappropriate." Fritsch v. District Council No. 9, Brotherhood of Painters, Decorators and Paper Hangers of America, 493 F. 2d 1061, 1064 (2d Cir. 1974).

The defendants' motion to dismiss the complaint is, therefore, granted.

So ordered.